LARRY R. LAYCOCK (USB No. 4868)
DAVID R. WRIGHT (USB No. 5164)
ROBERT E. AYCOCK (USB No. 8878)
**WORKMAN NYDEGGER**
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiff
LIFETIME PRODUCTS, INC., A Utah Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| LIFETIME PRODUCTS, INC., a Utah corporation, | Civil Action No. _____ |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BLUMENTHAL DISTRIBUTING, INC., d/b/a/ OFFICE STAR PRODUCTS, INC., a California corporation, | Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 02/13/2004 @ 15:20:29<br>CASE NUMBER: 1:04CV00030 DAK |
| Defendant. | |

Plaintiff LIFETIME PRODUCTS, INC. ("Lifetime") hereby complains against the defendant BLUMENTHAL DISTRIBUTING, INC., d/b/a/ OFFICE STAR PRODUCTS, INC. ("Blumenthal"), and for causes of action alleges as follows:

## THE PARTIES

1. Lifetime is a corporation duly organized and existing under the laws of the State of Utah, with its principal place of business in the City of Clearfield, Davis County, Utah.

2. Lifetime alleges on information and belief that Blumenthal is a corporation organized and existing under the laws of the State of California, doing business as Office Star Products, Inc., with its principal place of business at 1901 South Archibald Avenue, Ontario, California, 91761.

3. This is a civil action for patent infringement. The products accused of infringement are folding blow-molded plastic chairs of a certain style and design which, Lifetime alleges on information and belief, Blumenthal imports, makes, sells and/or offers for sale within the United States.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement committed by Blumenthal, arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

5. This Court has original subject matter jurisdiction over Lifetime's claims for relief, which arise under the laws of the United States, pursuant to 28 U.S.C. §1331 (federal question).

6. This Court also has original subject matter jurisdiction over Lifetime's claims for relief, which arise under acts of Congress relating to patents, pursuant to 28 U.S.C. §1338(a).

7. Lifetime further alleges on information and belief that Blumenthal has transacted business within the State of Utah out of which Lifetime's claims in part arise.

8. This Court's exercise of personal jurisdiction over Blumenthal is consistent with the Constitutions of the United States and the State of Utah. Moreover, this Court has personal jurisdiction over Blumenthal pursuant to Utah Code Ann. § 78-27-24.

9. Pursuant to 28 U.S.C. § 1391(c), Blumenthal is deemed to reside in this judicial district for purposes of venue.

10. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

11. Lifetime is an award-winning innovator in the field of sports equipment, consumer products and office products, which are constructed of high quality steel and blow-molded plastic.

12. Several of Lifetime's most successful innovations have been in the design and development of lightweight and highly durable folding tables and chairs that combine metal frames and blow-molded plastic surfaces.

13. Lifetime's technological innovations in the field of folding chair design are protected by, *inter alia*, a portfolio of utility and design patents, including United States Patent No. 6,543,842 (the "'842 Patent"), a true and correct copy of which is attached hereto as Exhibit A.

14. Lifetime is the owner by assignment of the '842 Patent.

15. Lifetime has not licensed Blumenthal to practice the '842 Patent, and Blumenthal does not have any right or authority to license others to practice the '842 Patent.

## CLAIMS FOR RELIEF

### *FIRST CLAIM FOR RELIEF*

(Infringement of the '842 Patent)

16. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 15, as though fully set forth herein.

17. Lifetime alleges on information and belief that Blumenthal is importing, making, selling and/or offering for sale within the United States folding plastic chairs that fall within the scope of one or more of the claims of the '842 Patent.

18. Lifetime alleges on information and belief that, by at least the activities alleged in the foregoing paragraph, Blumenthal has infringed, continues to infringe, and, unless and until enjoined by this Court, will continue to infringe the '842 Patent.

19. The conduct of Blumenthal as set forth hereinabove gives rise to a cause of action for infringement of the '842 Patent, pursuant to 35 U.S.C. §§ 271(a) and 281.

20. Lifetime alleges on information and belief that Blumenthal is infringing the '842 Patent in willful and deliberate disregard of Lifetime's rights.

21. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against Blumenthal, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

### *SECOND CLAIM FOR RELIEF*

(Inducement of Infringement of the '842 Patent)

22. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 21, as though fully set forth herein.

23. Lifetime alleges on information and belief that Blumenthal is actively inducing others to use, sell, and/or offer for sale, within the United States, without

4

authority or license to do so from Lifetime, folding plastic chairs that fall within the scope of one or more of the claims of the '842 Patent.

24. The conduct of Blumenthal as set forth hereinabove gives rise to a claim for relief for inducement of infringement of the '842 Patent, pursuant to 35 U.S.C. §§ 271(b) and 281.

25. Lifetime alleges on information and belief that Blumenthal is inducing infringement of the '842 Patent in willful and deliberate disregard of Lifetime's rights.

26. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against Blumenthal, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

## **PRAYER FOR RELIEF**

WHEREFORE, Lifetime prays for judgment against Blumenthal as follows:

A. A judgment finding Blumenthal liable for infringement of the '842 Patent;

B. An Order of this Court temporarily, preliminarily, and permanently enjoining Blumenthal, its agents and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the '842 Patent, whether by making, using, selling, offering for sale, or importing into the United States any chair or other product falling within the scope of any of the claims of the '842 Patent, or inducing others to engage in any of the aforementioned acts or otherwise, pursuant to at least 35 U.S.C. § 283;

C. An order of this Court directing Blumenthal to destroy its entire stock of infringing products within the United States, pursuant to at least 35 U.S.C. § 283;

D. An award of damages to Lifetime, in an amount to be proven at trial, pursuant to at least 35 U.S.C. § 284;

E. An award to Lifetime of its damages, and that such damages be trebled in view of the infringement by Blumenthal, pursuant to at least 35 U.S.C. § 284;

F. Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

G. An award of Lifetime's costs in bringing this action, pursuant to at least 35 U.S.C. § 284;

H. That this be declared an exceptional case, and that Lifetime be awarded its attorneys' fees and expenses, pursuant to at least 35 U.S.C. § 285;

I. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

J. For such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR JURY

Plaintiff demands TRIAL BY JURY of all causes so triable.

Dated: February 13, 2004

                                      Larry R. Laycock
                                      David R. Wright
                                      Robert E. Aycock
                                      **WORKMAN NYDEGGER**

By _____
                                      Robert E. Aycock
                                      Attorneys for Plaintiff
                                      LIFETIME PRODUCTS, INC., A Utah
                                      Corporation

J:\15499528\Complaint.doc

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.